UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KEESYA D. ROSS,

    Plaintiff,

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION,

    Defendant.

Case No. 3:17-cv-234

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S MOTION TO DISMISS (DOC. 9) BE GRANTED; (2) *PRO SE* PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT PREJUDICE; (3) *PRO SE* PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. 12) BE DENIED; AND (4) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This case is presently before the Court on Defendant United Services Automobile Association's ("USAA") motion to dismiss for lack of jurisdiction. Doc. 9. Pursuant to the Local Rules of this Court, *pro se* Plaintiff's memorandum in opposition was to be filed on or before October 9, 2017. *Pro se* Plaintiff originally failed to file a memorandum in opposition with the Court and, on October 17, 2017, the undersigned issued an Order to Show Cause directing Plaintiff to show cause, in writing, as to why USAA's motion to dismiss should not be granted for the reasons set forth therein. Thereafter, *pro se* Plaintiff filed a response to the Court's Order to Show Cause and requested leave to amend the complaint. Doc. 12. USAA filed a reply memorandum in support of its motion to dismiss. Doc. 11. The Court has carefully considered all of the foregoing, and USAA's motion to dismiss is now ripe.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

**I.**

This case arises out of an automobile accident that occurred in Daytona Beach, Florida on July 21, 2015. Doc. 3 at PageID 17-18. At the time of the accident, Plaintiff -- an Ohio resident[2] -- was a passenger in a vehicle owned and driven by Curtis Smith. *Id*. at PageID 18. The accident occurred when Smith's vehicle was rear-ended by another vehicle driven by tortfeasor Dyrell Johnson -- a non-party to this suit. *Id*.

At the time of the accident, Smith was insured through a policy issued by USAA, and such policy provided uninsured and underinsured motorist coverage. *Id*. Plaintiff alleges that, because she was a passenger in Smith's vehicle at the time of the accident, she was an insured under the USAA policy. *Id*. Johnson was also insured at the time of the accident, but the limit of Johnson's liability insurance was only $10,000.00. *Id*.

Following the accident, Johnson's liability insurer settled with and paid Plaintiff the limits of Johnson's insurance policy. *Id*. Plaintiff alleges, however, that the limits of Johnson's insurance policy were insufficient to compensate her in full for the injury and loss she sustained in the automobile accident. *Id*. Plaintiff brings this action against Defendant seeking underinsured motorist coverage under Smith's USAA policy. *Id*. at PageID 18-19. In addition, Plaintiff alleges that USAA has failed "to act in good faith[.]" *Id*. at PageID 19. Accordingly, liberally construing *pro se* Plaintiff's complaint, the undersigned concludes Plaintiff has pled a breach of contract claim as well as a tort claim asserting bad faith. *Id*.

**II.**

In its motion, USAA moves to dismiss *pro se* Plaintiff's complaint, arguing that the Court lacks diversity jurisdiction over this dispute. Doc. 9. A motion to dismiss pursuant to Fed. R.

---

[2] Notably, *pro se* Plaintiff does not allege that she is a citizen of Ohio. "It has been many times decided that an averment that one is a resident of a particular state is not equivalent to an averment that he is a citizen of that state." *Bd. of Trustees of Mohican Twp., Ashland Cty., v. Johnson*, 133 F. 524, 524 (6th Cir. 1904).

Civ. P. 12(b)(1) asserts that the court lacks subject-matter jurisdiction. Such a motion may consist of a "facial attack," under which the moving party asserts that the allegations of the complaint are not sufficient to establish jurisdiction, or a "factual attack," under which the court may consider evidence to determine if jurisdiction does or does not exist. *O'Bryan v. Holy See*, 556 F.3d 361, 376–77 (6th Cir. 2009). Here, USAA sets forth a factual attack. *See* doc. 9. To resolve a factual attack, the Court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist" and, in so doing, "has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### III.

In her *pro se* complaint, Plaintiff alleges that the Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332 because the parties are citizens of different states and $75,00 or more are at issue. Doc. 3 at PageID 17. USAA argues that the Court lacks diversity jurisdiction over *pro se* Plaintiff's complaint because: (1) both Plaintiff and USAA are citizens of Ohio, thus destroying complete diversity between the parties; and (2) Plaintiff's maximum possible recovery against USAA under the limits of Smith's policy is $55,000 -- $50,000 in underinsured motorist coverage and $5,000 in medical pay coverage. Doc. 9 at PageID 31-32.

Pursuant to 28 U.S.C. § 1332(a), district courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" Because federal courts are courts of limited jurisdiction, courts must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010) (citation omitted). Thus, "[a] plaintiff in federal

court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003). In a diversity action, "the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Id.*

Here, Plaintiff alleges that she "is a resident of Fairborn, Greene County, Ohio." Doc. 3 at PageID 17. As noted *supra*, such allegation is insufficient to plead Plaintiff's own citizenship. *Mohican Twp.*, 133 F. at 524. Nevertheless, assuming, *arguendo*, that Plaintiff is a citizen of Ohio, she further fails to allege the state of USAA's citizenship and, instead, simply avers that it is "an insurance company licensed to do business in the state of Florida" with a registered agent for service of process in San Antonio, Texas. Doc. 3 at PageID 17. The undersigned finds Plaintiff's allegations regarding USAA's citizenship insufficient to demonstrate the existence of diversity jurisdiction.

USAA is an unincorporated reciprocal interinsurance exchange association. Doc. 9 at PageID 35. "Unincorporated associations . . . have no separate legal identity" and, for purposes of diversity jurisdiction, are citizens of each state where its members maintain citizenship. *See U.S. Motors v. Gen. Motors Europe*, 551 F.3d 420, 422 (6th Cir. 2008) (citing *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994)); *see also Brocki v. Am. Exp. Co.*, 279 F.2d 785, 787 (6th Cir. 1960) (stating that "an unincorporated association . . . cannot be deemed a citizen, apart from its members, for the purpose of diversity jurisdiction"); *Am. Fed'n of Musicians v. Stein*, 213 F.2d 679, 685 (6th Cir. 1954) (stating that "citizenship of an unincorporated association is that of its members" and, therefore, "diversity does not exist if any of its members are citizens of the same state as is any adverse party to the action"). With regard to USAA specifically, courts have concluded that, because USAA has members in every state, it is a citizen of all 50 states for purposes of diversity jurisdiction. *USAA*

*Prop. & Cas. Ins. v. Briggs Plumbing Prod., Inc.*, No. 3:09-CV-232, 2009 WL 2876254, at *1 (S.D. Ohio Sept. 4, 2009).

Finding a lack of sufficient allegations in *pro se* Plaintiff's complaint regarding diversity of citizenship between the parties, the undersigned **RECOMMENDS** that: (1) USAA's motion to dismiss (doc. 9) be **GRANTED**; (2) *pro se* Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**; (3) Plaintiffs' motion for leave to file an amended complaint (doc. 9) be **DENIED**;[3] and (4) this case be **TERMINATED** on the Court's docket.

Date:   December 11, 2017              s/ Michael J. Newman
                                       Michael J. Newman
                                       United States Magistrate Judge

---

[3] *Pro se* Plaintiff's motion for leave to file an amended complaint fails to set forth how Plaintiff could or would amend her complaint to adequately assert diversity of citizenship. Accordingly, her motion should be denied as futile.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).